IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW CENTURY FINANCIAL, INC., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-09-2060 |
| OLYMPIC CREDIT FUND, INC., | § § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion to Exclude Testimony of Robert Zadek (Document No. 68). Having considered the motion, Defendant's response, the expert opinions offered by Mr. Zadek and the applicable law, the Magistrate Judge concludes that with the exception of Mr. Zadek's use of the term "duty," his expert opinions are admissible under FED. R. EVID. 702. Therefore, for the reasons set forth in more detail below, Plaintiff's Motion to Exclude Testimony of Defendant's Expert, Robert Zadek is GRANTED IN PART and DENIED IN PART.

### I.    Background

This is a negligent misrepresentation and fraud case involving a contract between Plaintiff New Century Financial, Inc. ("New Century"), and Defendant Olympic Credit Fund, Inc. ("Olympic"). Specifically, this case involves New Century's and Olympic's independent factoring relationships with Education Advance. In April 2009, Education Advance's President contacted

1

New Century about the possibility of entering into a factoring agreement. However, at that time Education Advance was already in a factoring agreement with Olympic. As a result, in May 2009, New Century, Olympic, and Education Advance entered into a contract through which Olympic's factoring accounts with Education Advance were purchased by New Century. New Century filed suit alleging that the Education Advance receivables they bought from Olympic were fraudulent. New Century further alleges that Olympic failed to disclose significant problems and irregularities with respect to the Education Advance account, and the information that Olympic did disclose, and on which New Century claims it relied, was false.

Olympic designated Mr. Zadek as an expert witness on the factoring industry. New Century seeks to exclude Mr. Zadek's opinions and proposed testimony on the following basis: some of the opinions contain the subjective beliefs of Mr. Zadek and cannot be verified or tested and are useless to the jury; others are not based on the facts of the case and are therefore not helpful to the jury; and other opinions contain impermissible statements of legal conclusions.

Olympic, in response, argues first that Mr. Zadek's opinions are admissible opinions relating to the factoring standards and customs based on Mr. Zadek's experience and training in the factoring industry. Second, Mr. Zadek's opinions are admissible because they specifically relate to the facts of this case, and will assist the jury in understanding the evidence. Third, the opinions are admissible because Mr. Zadek is not opining as to legal conclusions, but is instead opining regarding standards in the factoring industry.

## II. Standard of Review

The admissibility of expert testimony is governed by Fed. R. Evid. 702, which states:

2

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 and the principles announced in *Daubert* apply to technical or specialized expert testimony. *See Kuhmo Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1171 (1999); *Black v. Food Lion, Inc.*, 171 F.3d 308, 310 (5th Cir. 1999).

The district court has a "gate-keeping" role when determining the admissibility of expert testimony. *See Seatrax, Inc. V. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). The court must determine whether an expert is qualified and whether his testimony is reliable and relevant. The purpose is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire,* 119 S. Ct. at 1176. The *Daubert* inquiry is always fact-specific. *See Black*, 171 F.3d at 311.

Whether an expert is qualified depends on if the witness has "such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aide the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th ir. 1992)), *cert. denied*, 126 S. Ct. 1022 (2006); *see also Taylor Pipeline Construction, Inc. v. Directional Road Boring, Inc.*, 438 F. Supp. 2d 696, 705 (E.D. Tex. 2006). Whether an expert's testimony is reliable requires "an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid." *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). The party seeking to introduce expert testimony

bears the burden of demonstrating that the expert's findings and conclusions are reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)(en banc), *cert. denied*, 119 S. Ct. 1454 (1999). "The proponent need not prove to the judge that the expert's testimony is correct, but [he] must prove by a preponderance of the evidence that the testimony is reliable." *Id.*; *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) ("Although the *Daubert* analysis is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, the test does *not* judge the expert's conclusions themselves.")

Five non-exclusive factors are used to aid in determining whether an expert's methodology is reliable:

> (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community.

*Moore*, 151 F.3d at 275 (citing Daubert, 113 S. Ct. At 2796-97). Not all factors will necessarily apply to every expert's testimony. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 990-91 (5th Cir. 1997). The court should first decide whether the factors mentioned in *Daubert* apply, and then consider whether other factors not mentioned in *Daubert* are relevant to the case. *See Black*, 171 F.3d at 311-12.

An expert's testimony does not always have to be based on scientific testing; it can be based on personal experience. *See Kumho Tire*, 119 S. Ct. at 1175-76. However, an expert's self-proclaimed accuracy is insufficient. *See General Elec. Co. v. Joiner*, 118 S. Ct. 512, 519 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Moore*, 151

F.3d at 276. Finally, the court must "determine whether [the expert's] reasoning or methodology can be properly applied to the facts in issue; that is, whether it is relevant." *Curtis*, 174 F.3d at 668.

### III. Discussion

Here Mr. Zadek's expert report contains six opinions that Olympic seeks to offer in this case: (A) "In the factoring industry, in the context of a Takeout, the Incoming Factor should not rely nor act upon statements made by the Outgoing factor"; (B) "To the extent that Century relied and acted upon statements made by Olympic incident to the Education Takeout in connection with its decision to enter into a factoring relationship with Education, such action and reliance was unreasonable"; (C) "The facts conveyed by Olympic to Century and the facts not conveyed incident to the Education Takeout was not of a material nature"; (D) "Based on custom, usage and business practices in the factoring industry, Olympic owed no duty to Century to provide Century with information regarding its relationship with education. Therefore, in the factoring industry, in the context of a Takeout, an incoming factor should not rely nor act upon statements made by an outgoing factor"; (E) "Olympic managed its factoring relationship with education in a manner consistent with how a reasonable and prudent factor would have managed such relationship"; and (F) "In the overall relationship between a factor and a client, it is not a material adverse event for the client to pick up a check from an account debtor." Exhibit "1" to New Century's Motion to Exclude Testimony of Olympic's Expert, Robert Zadek (Document 68, at 1-8).

New Century does not challenge the admissibility of opinion (E). New Century seeks to exclude opinions (A), (C), and (F) on the basis that they are the subjective beliefs of Mr. Zadek and cannot be tested or verified. However, an expert's testimony can be based primarily if not solely on

5

personal experience. *See Kumho Tire*, 119 S. Ct. at 1178. While the list of factors set forth in *Daubert* includes the testability of an expert's theory, this list "neither necessarily nor exclusively applies to all experts or in every case." *Id.* at 1167. *Daubert* establishes that expert testimony is admissible once the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Daubert*, 509 U.S. 579. Mr. Zadek qualifications as an expert witness of the factoring industry are unchallenged; opinions (A), (C), and (F) are relevant to the suit; and Mr. Zadek has established that these opinions are based on his experience and training in the industry. As such, opinions (A), (C), and (F) are sufficiently reliable, and are therefore admissible.

New Century also seeks to exclude opinion (B), arguing that Mr. Zadek did not apply the facts of the case, and that this opinion will not be useful to a jury. However, Mr Zadek has specifically linked this opinion to the facts of this case and the documents he reviewed. *See* Exhibit "B" to Olympic's Response to New Century's Motion to Exclude Testimony of Olympic's Expert Robert Zadek (Document 70, at 2, 4, 16). This opinion may be helpful to the jury given that a typical juror will likely not be familiar with the factoring industry's customs and procedures, and what constitutes a typical or an atypical factoring transaction, or Takeout situation. As such, opinion (B) is admissible.

New Century seeks to exclude opinion (D) as an impermissible conclusion of law. Olympic, in response, argues that opinion (D) is not a legal conclusion, but instead an opinion on the custom and standards in the factoring industry. Specifically, Mr. Zadek's opinion relates to a duty that might arise through industry custom or practice, not a duty that would arise under the law. This, however, is a distinction that cannot be reasonably made without the risk of jury confusion. Accordingly,

because opinion (D), even if it is not an impermissible legal conclusion, could reasonably lead to jury confusion on duties that may arise through industry practice and duties that arise under law, opinion (D), as written, is subject to exclusion.

## IV.     Conclusion and Order

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Exclude Testimony of Defendant's Expert, Robert Zadek (Document No. 68) is GRANTED in PART and DENIED in PART, and opinion (D), as set forth in Robert Zadek's expert report, is not admissible, and is, as worded, excluded.

Signed at Houston, Texas, this 25th day of January, 2011.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE